FILED

**NOT FOR PUBLICATION**

FEB 23 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERTO GONZALEZ GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 07-73739<br><br>Agency No. A029-182-266<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Gilberto Gonzales Gonzalez, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order affirming without

opinion an immigration judge's ("IJ") decision denying his application for special

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LR/Research

rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the IJ's continuous physical presence finding, *Landin-Zavala v. Gonzales*, 488 F.3d 1150, 1151 (9th Cir. 2007), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's determination that Gonzalez Gonzalez did not meet the continuous physical presence requirement where the record indicates that he was deported from the United States in 2003. *See id*. at 1153 (deportation or removal terminates the accrual of physical presence); *see also* 8 C.F.R. § 1240.64(b)(3) (removal from United States terminates accrual of physical presence for special rule cancellation of removal applicants).

To the extent it is raised, we lack jurisdiction to review Gonzalez Gonzalez's contention that as the spouse of a NACARA grantee, he is not required to meet the continuous physical presence requirement, because he did not exhaust that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We lack jurisdiction to review the BIA's September 18, 2001, order denying Gonzalez Gonzalez's motion to reopen because he failed to timely petition for review of that decision. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**